Mr. Justice Bradley
delivered the opinion of the Court :
This is an action of ejectment to recover an undivided four-ninths interest in the north half of lot io, square 85, in the city of Washington, D. C., and for mesne profits. The declaration was filed October 23, 1888.
At the trial it was conceded that the plaintiffs and defendant were the only heirs-at-law of Polly Williams, deceased, who in her lifetime was possessed of the premises in controversy ;■ that the defendant was in possession thereof, claiming the-same under the last will and testament of Polly Williams, and that if any verdict for mesne profits should be rendered, the-sum of $325 would be the proper amount. The defendant, prayed the court to instruct the jury to return a verdict for the defendant as for non-suit, which was refused,'and of his own motion the court directed the jury to return a verdict for the plaintiff on both counts of the declaration, which was. accordingly done.
*21 The defendant moved for a new trial, the motion was over•ruled, an appeal was taken to this court in General Term, and a case and bill of exceptions was settled.
The record presents two questions for consideration, raised by the exception to the refusal of the court to direct the jury to return a verdict for the defendant as for non-suit, as prayed by the defendant, and by the only other and further exception, to the direction of the court to the jury to return a verdict for the plaintiffs on both counts of the declaration. The latter exception involves the construction of the last will and testament of Polly Williams, deceased, under which the defendant claims the lot in controversy as devisee.
The plaintiffs and the defendant are the only heirs-at-law of Polly Williams, and the plaintiffs, conceding that the defendant is the devisee of an undivided one-third of the premises, and is entitled to a further undivided two-ninths as heir-at-law, sue to recover the remaining four-ninths undivided interest, and for mesne profits. The first exception raises the question of the misjoinder of the plaintiffs in the action, and the further question whether such objection may be taken advantage of at the trial.
The testatrix, Polly Williams, after the ordinary formal introductory clause, declaring mental capacity, and expressing her desire to make preparation for the certain event of death, and after commending her soul to God, providing for the -disposition of her body and the payment of her funeral expenses and debts, proceeds as follows :
“ Then I give and bequeath to Mary Elizabeth Williams, my granddaughter, and to her heirs and assigns forever, the most southern half of lot of ground numbered io, in square numbered 85, in the city of Washington. I give and bequeath to my daughter, Teresa Williams, and to my daughter, Ann Matilda Williams, and to the minor children of my ■daughter; Elizabeth Schueman, and to their respective heirs .and asáigns forever, the north half of said lot of ground numbered 10, in said square numbered 85, in said city of Washington, with the building and improvements thereon.
*22 “ I also give and bequeath to my said daughter, Teresa Williams, and to her executors and administrators and assigns* all my personal effects and property of every description.
“All that part of this will giving any part of the northern part of my lot No. 10 in square 85 to Ann Matilda Williams and to the.minor children of Elizabeth Schueman, I hereby revoke and make null and void, and I here give and grant and bequeath to my daughter, Matilda Williams, the sum of $50,. and to the children of Elizabeth Schueman I give and bequeath the sum of $25, each.”
It is claimed in behalf of the plaintiffs that the devise of the north half of lot 10 to the defendant and Ann Matilda Williams and the minor children of Elizabeth Schueman and. their respective heirs, constituted the devisees designated tenants in common of such land, and that the subsequent clause,, which is termed a clause of revocation, rescinded so much of the devise as related to Ann Matilda Williams and the children of Elizabeth Schueman, leaving the third interest in the defendant and causing intestacy as to the remaining two thirds interest. In behalf of the defendant it is claimed that the intent of the testatrix and the proper effect of the will was to' constitute the defendant sole devisee in fee of the lot designated.
It is evident from the provisions of the will that the testatrix intended to make a complete disposition of all of her property. She disposes first of her real estate, and then in terms gives to her daughter, Teresa Williams, all of her personal effects and property of every description. Such a construction as would involve a partial intestacy would do violence to the evident intent of complete disposition.
In the case of Given vs. Hilton, 95 U. S., 594, the court says : “ No presumption of an intent to die intestate as to any part of his property is allowable when the words of a testator’s will may fairly carry the whole. Stehman et al. vs. Stehman, 1 Watts, 466. The law prefers a construction which will prevent a partial intestacy to one that will permit it if such a construction may reasonably be given. Vernon vs. Vernon *23 et al., 351. And certainly when, as in this case, the intent to make a complete disposition of all the testator’s property is manifest throughout his will, its provisions will be so construed if they reasonably may be, to carry into effect his general intent. We do not mean to be understood as asserting that an apparent general intent to make by his will a complete disposition of all of the testator’s estate can control particular directions plainly to the contrary, or enlarge dispositions beyond their legitimate meaning. What we do assert is, such a general intent is of weight in determining what was intended by particular devises or bequests that may admit of enlarged or limited constructions.”
This general intent is of value in ascertaining the particular intent of the clauses in question, and in construing them it is well to keep in view the general rule laid down by Chief Justice Marshall in Finlay vs. King’s Lessee, 3 Pet., 377. “ The intent of the testator is the cardinal rule in the construction of wills; and if that intent can be clearly perceived, and is not contrary to some positive rule of law, it must prevail, although in giving effect to it some words should be rejected or so restrained in their application as materially to change the literal meaning of the particular sentence.”
This is not the case of a completed testamentary act, and the question, the effect thereupon of the execution of a subsequent testamentary paper containing a clause of revocation; but it is the case, before execution, either of a change of purpose, or a distinct disavowal of any intention that anyone but the defendant should take any interest in the north half of lot IO in square 85.
If the revoking clause were contained in a subsequent will or codicil, it might lend more weight to the contention of the plaintiffs, for then it would be apparent that at the time of the execution of the original will the testatrix had evidenced a perfect intention of vesting in the defendant only an undivided interest in the lot as a tenant in common, then, and in that contingency, it might have been contended that in the case of the revocation of a devise to anyone or. more as tenants in *24 common, the share or shares so affected would descend to the heirs at law.
In such case, however, where the revocation is not in terms of the devise, but, as in the will in question, is in form, “ all that part of my will giving any part of the northern part of my •lot * * * to,” etc., “ I hereby revoke and make null and void,” it may be, as held in the case of Harris vs. Davis, 1 Col., 416, cited in 1 Redf. Wills, 347, that it would “ have the effect to make the will read as if the portion revoked had never been in the will; that is, the devise will take effect as if the tenants had been so many less in number, and thus the revocation will be made to enure for the benefit of the other tenants.”
Whether this clause of revocation, so called, indicates that the testatrix intended to recall a purpose partly formed, or to positively declare that such provision of part interest in the lot to her daughter Ann Matilda Williams, and the children of her daughter Elizabeth Schueman, was never intended by her; and the latter appeared to be more probable, is not material, for it is perfectly clear that before she made the instrument.her'act, it was her intention to cut out of the devise in question, as originally drafted, all reference to persons other than the defendant, not in the sense of taking from them something which they never had, but in eliminating them and all reference to them from that clause as effectually as if the testatrix had drawn her pen through the words revoked and made void before execution of the will, and had stated the fact and the time of the erasure in the instrument itself.
This construction is strengthened by the consideration that the other construction would make the will effectual in taking from the channels of descent only a two-ninths interest therein, for the defendant would get only two-ninths more than she would have received had the testator died intestate as to the entire north half of lot.
Additional strength is also to be found in the provision of pecuniary legacies made to the daughter, Matilda Williams, and the children of Elizabeth Schueman, emphasizing the *25 •clear intention that they were to take no interest in the lot, the entire interest in which was intended to be devised to the defendant.
It is also suggéstive that the construction of the will contended for by the defendant has been acquiesced in by the plaintiffs for twenty years.
Inasmuch as we find that the entire interest of the testatrix in the north half of lot No. io, square 85, passed by the devise in her will to the defendant, the court in Special Term ■erred in directing the jury to return a verdict for the plaintiff. The jury should have been' directed to return their verdict for the defendant. .
Inasmuch as this disposes of the entire, case, it is unnecessary to pass upon the questions involved in the remaining exception.

The verdict is set aside, and the cause will be remanded to the Circuit Court for a new trial.